Argued March 29, affirmed April 23, 1979

McGILVRAY, et ux,
*Respondents-Cross-Appellants,*
*v.*
MARTIN, *Appellant.*
(No. 77-49 L, CA 11155)
593 P2d 1272

Glenn D. Ramirez, Klamath Falls, argued the cause and filed the brief for the appellant.

Donald R. Crane, Klamath Falls, argued the cause for the respondents - cross-appellants. With him on the brief was Crane & Bailey, Klamath Falls.

Before Schwab Chief Judge, and Thornton, Gillette, and Campbell.

CAMPBELL, J.

## CAMPBELL, J.

The plaintiffs, husband and wife, brought an action against the defendant's decedent, Ora Summers, claiming that he had promised them that if they moved onto his ranch property and operated it he would devise the property to their children. The plaintiffs moved onto the property. The husband acted as manager and the wife as cook, housekeeper and ranch hand. They operated the ranch from April, 1972, until December 15, 1975, when Summers terminated the relationship. The plaintiffs requested the reasonable value of their services. The jury found for the plaintiffs.

The defendant has appealed assigning as error various rulings of the trial court. We have examined them and found they do not require discussion.

The plaintiffs have cross-appealed assigning as error the trial court's failure to award them attorney fees under ORS 652.200(2), which provides:

> "(2) In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the same became due and payable, the court shall upon entering judgment for the plaintiff, include in such judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney's fees for prosecuting said action, unless it appears that the *employe* has wilfully violated his contract of employment." (Emphasis added).

We find that the plaintiffs were not employees of Summers within the meaning of ORS 652.200(2).

Affirmed.